Williams, C. J.
In the common pleas court Grove brought his suit against Whims, on a note for $100, dated February 24, 1880, and payable to J. B. McCracken on or before August 1,1880. Plaintiff alleges that the payee, on the 8th of March, 1880, assigned and endorsed the note to him, and he asks judgment for .the amount of the note and interest..
The defendant's answer, in substance, denies that the note was endorsed to plaintiff at the time named, and sets up, by way of set-off, a note for $50.00, made by said J. B. McCracken to A. C. McCracken, April 16th, 1878, due one day after date, which the defendant claims was endorsed to him on the 27th of March, 1880, and before the note sued on was assigned to plaintiff.
The reply of the plaintiff,' 1. Denies that defendant received his $50.00 note before the plaintiff’s note was assigned to him.
2. Alleges that defendant received the $50.00 note after its maturity, and after a payment of $6.00 had been made on it; and
3. That defendant did not obtain the $50.00 note until after plaintiff received the $100.00 note, nor did he receive it in due course of business, nor before maturity, nor for full value.
To the third paragraph of the reply the plaintiff demurred, which demurrer was overruled by the court, to which defendant excepted, and this is assigned for error. The case was tried to a jury.
*99 The court was requested to charge the jury, “ that if defendant received the $50.00 note at any time before he had notice of the assignment of the $100.00 note to plaintiff, he was entitled to set-off the $50.00 note, although the plaintiff had purchased and taken an assignment of the $100.00 note before its maturity, and before defendant had purchased or received the $50.00 note.”
The court refused so to charge, and on the contrary charged the jury that “ if plaintiff purchased and received the assignment of the note sued on before maturity, and before defendant purchased the $50.00 note, the right of set-off did not exist, although defendant at the time he so obtained said $50.00 note, had no notice that plaintiff had become the owner of the note sued on.”
To the refusal to charge as requested, and to the charge as given, defendant excepted.
The question presented by the overruling of the demurrer to the reply, and by the charges refused and given, is the same, viz: whether defendant, after the transfer of the $100.00 note to plaintiff before due, for value, but before notice to defendant of such transfer, could purchase an independent claim against plaintiff’s assignor, and set it off against the note sued on.
The case of Fuller v. Steiglitz, assignee, 27 O. S., 355, decides that: “ The assignment of a non-negotiable demand, arising on contract, before due, defeats a set-off of an independent cross-demand, on which no right of action has accrued at the time of its assignment. In that case the court say:
“ In each case the test of whether the debtor preserves his set-off, depends on whether he could have set it up before assignment ; that is, while the contract belonged to the assignor.”
Applying that test here, it is manifest that the defendant could not have set up the $50 note before the assignment — that is, while the note sued on belonged to plaintiff’s assignor, 1. Because at that time defendant had no such claim — he bought it afterward. 2. The claim then assigned to plaintiff was not due.
The practical result of the case in 27 O. S. is, that if a debtor has a cross-demand not yet due against a creditor, who holds one against the debtor that is past due, the creditor may de *100 feat the set-off by assignment before his debtor’s cross-demand against him becomes due — and if the creditor has a demand not due, and the debtor buys up a cross-demand against him before the maturity of the creditor’s claim against him, the debtor takes the chances of its remaining in the hands of the creditor till maturity.
T. J. Duncan, for plaintiff in error.
F. F. D. & H. B. Albery, for defendant in error.
In other words, there is a right of set-off only when a cross-demand exists between the same parties at the same time in the same right, and on which either could, at the time, maintain an action against the other.
This is the law as applied substantially by the court below and it follows there was no error in overruling the demurrer, or refusing the charge requested, or in the charge given.
I am aware that there are authorities to the contrary, and some dicta in Ohio seem to support such contrary doctrine.
The law as applied by the court below is, however, distinctly and fully recognized in Pomeroy’s Remedies, cited with approval by the supreme court is 27 O. S.
Exceptions were taken during the progress of the trial, to the exclusion of certain evidence offered by the defendant. It is sufficient to say that the testimony excluded was neither material or relevant to the issues.
The judgment of the common pleas is affirmed with costs —no penalty.